IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jodi A. Howell, | : | |
| Plaintiff | : | Civil Action 2:11-cv-1014 |
| v. | : | Judge Frost |
| The Buckeye Ranch, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Order

      Plaintiff Jodi A. Howell brings this employment discrimination action alleging that male supervisors, senior youth leaders, and coworkers sexually harassed her by inappropriate touching in a sexual manner and making inappropriate sexual comments. This matter is before the Magistrate Judge on defendants' August 15, 2012 motion to compel Howell to give them her user names and passwords for each of the social media sites she uses. (Doc. 23.)

      Defendants maintain that information on Howell's social media sites may be relevant to (1) whether the alleged sexual acts occurred and (2) her present emotional state. Defendants state they have a good faith belief that Howell's social media sites will contain evidence supporting their position that she has maintained social contact with some of them and that she is not currently impaired by serious emotional distress and is enjoying life.

      Plaintiff maintains that the discovery request is overbroad and unduly burdensome. Defendants are merely speculating there might be relevant information in

the private sections of Howell's social media sites, but they have offered no evidence or other reason to back up that speculation.

Defendants respond that Howell testified that as a result of their actionable conduct she has suffered serious mental anguish requiring medical care, has a decreased energy level, cannot see her friends as often, and cannot regularly update her Facebook account. Yet, defendants argue, her Facebook public pages contain evidence that Howell regularly updates her account. Defendants argue that a court should not afford more protection to a Facebook account than to a plaintiff's medical, psychological and criminal records.

<u>Decision</u>. Relevant information in the private section of a social media account is discoverable. *Glazer v. Fireman's Fund Insurance Company,* 2012 WL 1197167, *3-*4 (S.D.N.Y. April 5, 2012). It is not privileged nor protected from production by a common law right of privacy. *Tompkins v. Detroit Metropolitan Airport,* 278 F.R.D. 387, 388 (E.D. Mich. 2012). But a litigant has no right to serve overbroad discovery requests that seek irrelevant information. *Glazer,* above; *Tompkins,* 278 F.R.D. at 389.

Here defendants' discovery request is overbroad. Howell's username and password would gain defendants access to all the information in the private sections of her social media accounts–relevant and irrelevant alike. The fact that the information defendants seek is in an electronic file as opposed to a file cabinet does not give them the right to rummage through the entire file. The same rules that govern the discovery of information in hard copy documents apply to electronic files. Defendants are free to serve interrogatories and document requests that seek information from the accounts that is relevant to the claims and defenses in this lawsuit. Plaintiff's counsel can then access the

private sections of Howell's social media accounts and provide the information and documents responsive to the discovery requests.

Plaintiff Howell has been on notice that defendants seek information in the private sections of her social media accounts since being served with defendants' second set of interrogatories. She remains under an obligation to preserve all the information in those accounts. If any information in the private sections of the accounts has been deleted since plaintiff was served with the second set of interrogatories, plaintiff's counsel should so advise defendants' counsel and attempt to recover the deleted data.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                    s/Mark R. Abel
                    United States Magistrate Judge